Dear Representative Waddell:
We are in receipt of your opinion request wherein you ask about the efficacy and enforcement of LSA-R.S. 51:451 and LSA-R.S. 51:1401 et seq. LSA-R.S. 51:451 provides for the payment and rebate of insurance deductibles and LSA-R.S. 51:1401 et seq. defines an unfair trade practice and provides for the enforcement and penalties. In particular, you would like to know if a glass company offering to "waive" the insurance deductible when replacing windshields on automobiles is in violation of the statutes. There is no Louisiana jurisprudence addressing the offering of rebates so we will rely on a plain reading of the law.[1]
Currently, no person repairing automobile glass shall:
 Offer to pay, pay or rebate all or part of any insurance deductible, under a property or casualty insurance policy, to a consumer as part of an arrangement for goods and services paid for by the consumer from proceeds of a property or casualty insurance policy.[2]
 Black's Law Dictionary defines "pay" as compensation or the discharge of a debt. "Rebate" is defined as a discount or deduction or refund of money in consideration of prompt payment.[3] If the waiver of the deductible is considered a discount or discharge of a payment due, then it would be a violation of the statute. The offer to "waive" the deductible implies that there is a dollar amount that would ordinarily be due. A customer that is insured is allowed a discount or discharge of the deductible that the customer would ordinarily pay.
There is a criminal penalty of five hundred dollars or imprisonment for not more than thirty days for violation of the statute.[4] The penalties apply to both the seller of the glass and the customer who fails to report the violation to the insurer.[5] Enforcement of a criminal penalty is the prerogative of the local district attorney.
Unfair methods of competition or unfair or deceptive trade practices in the conduct of trade or commerce are unlawful.[6] The Unfair Trade Practices and Consumer Protection Act allows for a right of private action. That is, if one person or business believes that another person or business has engaged in an unfair trade practice and caused an ascertainable loss of money or business, that person may file an action individually. Further, the competitor who suffers a loss as the result of an unfair trade practice may recover "three times the actual damages sustained."[7] However, failure of the attorney general to place the defendant on notice defeats the claimant's right to treble damages.[8]
In conclusion, we believe that the advertisement and offer to "waive" the insurance deductible may be regarded as a violation of LSA-R.S. 51:451. Penalties for violations are criminal and are to be enforced by the local district attorney. Whether or not the practice of waiving the deductible is an unfair trade practice is a determination for the court. Although the statute does not expressly state that violations of LSA-R.S. 51:451
are an unfair trade practice, it is permissible to bring a private action if a business has suffered damage because of unfair competition.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ISABEL WINGERTER ASSISTANT ATTORNEY GENERAL
Date Released: December 9, 2002
[1] La.C.C. Art. 9—12
[2] LSA-R.S. 51:451(A)2
[3] Black, Henry Campbell, Black's Law Dictionary, West Publ. (1983)
[4] LSA-R.S. 51:451(D)
[5] LSA-R.S. 51:451(C)
[6] LSA-R.S. 51:1405(A)
[7] LSA-R.S. 51:1409(A)
[8] Thomas v Busby, App.3 Cir. 1996, 95-1147(La.App. 3 Cir. 3/6/96),670 So.2d 603